The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## CITY OF DALLAS et al. v. CAIN.

### No. 2705.

Court of Civil Appeals of Texas. El Paso.

June 30, 1932.

Hugh S. Grady, H. P. Kucera, J. J. Collins, A. A. Long, and W. Hughes Knight, all of Dallas, for appellants.

O. F. Wencker, of Dallas, for appellee.

HIGGINS, J.

This is a suit by appellee against the city of Dallas, its mayor, members of its council, and its auditor; also against the park board of the city and the members thereof.

Briefly stated, the petition sets up the following facts:

Plaintiff was the owner of a certain tract of land containing 24.42 acres. The park board recommended to the mayor and board of commissioners the purchase of said land at the price of $1,675 per acre for park purposes, which recommendation was adopted by the board of commissioners, by resolution passed at a regular meeting. Plaintiff furnished an abstract of title to the land as required by the resolution and the title was approved by the city attorney. Plaintiff at the city attorney's request also gave a title policy guaranteeing the title. He executed and delivered to the city a warranty deed conveying to the city the fee-simple title, which deed was accepted; the city took possession of the land and is now in possession thereof. There is now due plaintiff by the city $40,793.50 cash, as the purchase price of the land. That under the terms of the resolution aforesaid the city auditor was authorized and instructed to draw a warrant for the sum aforesaid and the auditor fails and refuses so to do. There is now available in the hands of the city treasurer for park purposes $73,000, of which sum $40,793.50 has been set aside for the purchase of plaintiff's land.

"Plaintiff further says that he fears that

the said money set aside for the purchase of his property herein, to-wit: the sum of $40,-793.50, a part of the money in the City Treasury and being unspent bond money issued for park improvements, will be spent by the City of Dallas for other parks and that he will be left without opportunity or chance to collect from the City of Dallas the said sum of money due him and a part of said fund, and that he has no other or adequate remedy against the City of Dallas than payment out of said fund, and fearing that such fund will be diverted and that the only way in which he can be protected will be by injunction, he asks the court herein, as hereinafter in his prayer set out, to grant him an injunction restraining all the defendants herein from in anywise using or appropriating any of the $40,793.50 in the City Treasury and being money placed in the Treasury from the sale of bonds for purchases of park property."

The prayer was for judgment against the city for the sum of $40,793.50, with interest from April 14, 1931, and for temporary injunction "enjoining all the defendants herein from in anywise using or appropriating the sum of $40,793.50, being funds in the Treasury of the City of Dallas and being proceeds from the sale of bonds issued for park improvement and park purchase purposes, and that upon final hearing hereof such injunction be made permanent."

Mandamus was also prayed to compel the issuance of warrant for the payment of said sum.

A temporary restraining order and notice to show cause was granted. The defendants answered. The hearing was had upon the sworn allegations of the petition and answer. A temporary injunction was ordered issued, from which order the defendants appeal.

It is unnecessary. to consider the various defensive issues tendered by the answer and here urged by appellants. In disposing of this appeal it is sufficient to say that injunctions are not granted merely to allay the fears and apprehensions of individuals which may exist without substantial reason and in fact be groundless. 32 C. J. title Injunctions, § 22; High on Injunctions (3d Ed.) §§ 9, 10, and 35; 14 R. C. L. title Injunctions, § 20; Southern, etc., v. Waggoner (Tex. Civ. App.) 224 S. W. 230; Kerr v. Riddle (Tex. Civ. App.) 31 S. W. 328.

The quotation from the petition shows the plaintiff merely fears the city will spend the money for the purchase of other parks. It is not averred the city is threatening to do so, and we regard the petition as insufficient to warrant the issuance of an injunction. Especially is this true in view of the affirmative defensive matters pleaded by defendants destroying all equity in the plaintiff's bill and to which no reply was made by the plaintiff.

We deem it unnecessary to consider and discuss these defensive issues, for we are clearly of the opinion that for the reason first stated the temporary injunction should have been refused.

The judgment is reversed, and judgment here rendered dissolving the injunction.

Reversed and rendered.