**COMMUNITY PUBLIC SERVICE CO. v. JAMES, State Treasurer, et al.**

No. 9326.

Court of Civil Appeals of Texas. Austin.

Nov. 18, 1942.

Rehearing Denied Dec. 9, 1942.

Bennett L. Smith, of Fort Worth, for appellant.

Gerald C. Mann, Atty. Gen., and Cecil C. Rotsch and Harold McCracken, Asst. Attys. Gen., for appellee.

Baker, Botts, Andrews & Wharton, of Houston, amici curiae.

McCLENDON, Chief Justice.

Mortgage Registration Tax Law case (Art. 7047e, Vernon's Ann.Civ.St.: Sec. 9, Art. IV of H.B. No. 8, Ch. 495, p. 2080, Gen.Laws, 3rd C.S. 44th Leg. 1936; amended in 1939 by S.B. 24, p. 630, Gen.Laws, Reg.S. 46th Leg.; amended in 1941 by S. B. 97, Ch. 16, p. 27, Gen.Laws, 47th Leg. Vernon's Ann.Civ.St. art. 7047e note; and repealed in 1941 by H.B. 514, Ch. 449, p. 723, Gen.Laws 47th Leg.). The suit was brought under Art. 7057b, Vernon's Ann. Civ.St., to recover $286.60 paid to the State Treasurer in January, 1942, under protest, in purchase of stamps to be affixed to a mortgage instrument so as to admit it to record, the protest being based upon the repeal (1941) of the Law.

The sole question presented by the appeal is whether the repealing act was invalid as to the 1941 amendment because the caption to the act did not mention that amendment. The caption reads: "An Act repealing Section 9 of Article IV of Chapter 495 of the Acts of the Third Called Session of the Forty-fourth Legislature, as amended by Senate Bill No. 24, Chapter 5, Acts of the Forty-sixth Legislature; and declaring an emergency."

The body of the act conformed to the language of the caption with the addition, "and all subsequent amendments thereto."

The amendments of 1939 and 1941 each reenacted the entire original law with the amendatory provisions included. The 1941 amendment including an emergency clause

(S.B. 97) was passed February 13, 1941, and became a law February 26, 1941. The repealing act, without the emergency clause (H.B. 514), was finally passed May 21, 1941, and became effective 90 days after July 3, 1941.

 That the 1939 amendment effectually repealed the original act in its entirety, and the 1941 amendment in like manner repealed the 1939 amendment, is not questioned nor is it open to question. So that at the time the repealing act was passed only the 1941 amendment was in effect, and if that amendment was not thereby repealed, nothing was repealed, and the Legislature did a vain and useless thing in passing the repealing act. That effect should not be given to the repealing act, unless the act clearly and unequivocally upon its face showed it to be the legislative intent. The case is ruled, we think, by the doctrine announced in Greer v. State, 22 Tex. 588, to the effect that "where a section of a statute is amended, and the amendment is made in such terms that it stands in the stead of the said section, and by a subsequent Act, the said section of the original statute is expressly repealed, the amendment, which was made to stand in its place, is thereby repealed." We have the identical situation here except that the subject matter is an entire act and not merely a section thereof, and it is conceded that if the caption had been limited to the original act it would have been sufficient to cover both of the amendments. But it is contended that the caption was misleading in that it expressly mentioned the 1939 amendment and omitted all reference to the 1941 amendment. We are not in accord with this reasoning. The caption was sufficient to give notice that the original tax law and all amendments which constituted substitutes therefor were included in the subject matter of the repealing act. The caption cannot be reasonably construed as notice that the purpose of the bill was only to repeal acts that had already been repealed. The omission in the caption of the 1941 amendment is readily explained by the fact that when the bill was introduced the 1941 amendment had not been passed. The clause in the body of the act, "and all subsequent amendments thereto," was inserted by interlineation, and was evidently added after the 1941 amendment was passed. Corresponding addition to the caption was no doubt inadvertently omitted. But whatever the cause of the omission, we are clear in the view that the caption was sufficient and the 1941 amendment was effectually repealed.

We deem it unnecessary to review the many decisions cited and ably digested in the briefs of respective counsel. We believe those holding captions insufficient may readily be distinguished in principle from the case at bar. In reaching the above conclusion we do not question the decision in any of them, nor the correctness of the general principles upon which they are rested.

The trial court's judgment is reversed and judgment is here rendered for appellant.

Reversed and rendered.