No. A-749. Decided April 3, 1946.
Rehearing overruled May 1, 1946.
(193 S. W., 2d Series, 675.)

*Grover Sellers,* Attorney General, *W. V. Geppert* and *J. Arthur Sandlin,* Assistants Attorney General, for petitioner.

It was error for the Court of Civil Appeals to overrule the State's contention that the exemption mentioned in the statute is discriminatory and in violation of the State Constitution. Pullman Palace Car Co. v. State, 64 Texas 274; Ex parte Overstreet, 39 Texas Crim. Rep., 474, 46 S. W. 825; Card v. Souter, 122 Texas 77, 52 S. W. (2d) 268; Dallas Gas Company v. State, 261 S. W. 1053.

*Looney & Clark, Everett L. Looney* and *R. Dean Moorhead,* all of Austin, for respondent.

On the contention that the exemption is constitutional, Ex parte Bockhorn, 62 Texas Crim. Rep. 651, 138 S. W. 706; Rainey v. State, 53 S. W. 882.

On the contention that the exemption is an amendment by reference. Snyder v. Compton, 87 Texas 374, 28 S. W. 1061; Quinlan v. Houston & T. C. Ry. Co. 89 Texas 356, 34 S. W. 738.

MR. JUSTICE SLATTON delivered the opinion of the Court.

The State of Texas filed this suit against Southwestern Gas & Electric Company to recover taxes for the years 1941, 1942 and 1943 claimed under the Chain Store Tax Law. The district court of Travis County rendered judgment for the state. The Austin Court of Civil Appeals reversed the judgment of the trial court and denied a recovery to the state. 190 S. W. (2d) 132.

The Omnibus Tax Law was passed by the 47th Legislature, p. 269, Ch. 184. Article 5, Section 1, in part provides:

"That utilities paying an occupation tax under this article shall not hereafter be required to pay the license fee imposed by Article 5a, H. B. No. 18, Ch. 400, Acts 44th Legislature, for the privilege of selling gas and electric appliances and parts for the repairs thereof in towns of three thousand (3000) or less in population according to the last preceding Federal census."

The act referred to in the quoted proviso is commonly called the Chain Store Tax Law, and was construed to be an occupation tax in the case of Hurt v. Cooper, 130 Texas 433, 110 S. W. (2d) 896. The state contends that the attempted exemption in the quoted proviso (above) is violative of Section 2 of Article VIII

of the Constitution, which provides "all occupation taxes shall be equal and uniform upon the same class or subject within the limits of the authority levying the tax," and is violative of Article III, Section 36 of the Constitution, which provides:

"No law shall be revived or amended by reference to its title, but in such case the acts revived or the section or sections amended shall be reenacted and published at length."

The comptroller, acting under the opinions of the attorney general, made no attempt to collect the taxes in suit after the passage and effective date of the Omnibus Tax Law above referred to, upon the ground that respondent had been relieved through the proviso above quoted. This construction continued until the decision of the case of Central Power & Light Co. v. The State, 165 S. W. (2d) 920, writ of error refused by the Supreme Court, (139 Texas 669) and on appeal dismissed for want of substantial Federal question by the United States Supreme Court, 319 U. S. 727, 67 Sup. Ct. 1033, 87 L. Ed. 169. Subsequent to this action the attorney general advised the comptroller that the taxes were collectible; hence this suit was filed.

Whether the tax sought to be collected in this suit is levied in virtue of Section 5 or of Section 5a of the Chain Store Tax Law is not important, for the reason that, after the passage of the Chain Store Act, the legislature, in plain and unmistagable language, evidenced its intent to relieve the utilities named in the proviso from paying the chain store tax when operating in the towns described therein for the privilege of selling gas and electric appliances and parts for the repair thereof as provided in the quoted exemption. No refined construction of the language employed can be used to distort the clear intent of the law making body in passing the amendment to relieve the respondents from liability in virtue of the Chain Store Tax Law. The real question is, does the amendment discriminate and thereby violate the constitutional provision invoked by the state? As stated by Mr. Cooley (2d Ed.) p. 200, the selection of subjects of taxation is of itself an exemption of what is not selected. The exemption in review here is a very limited one. It is based upon ownership and operation of a store by a utility in a town of the class stated, selling only appliances and parts, and the payment of an occupation tax by the utility under the law in which the exemption exists. The selling of gas and electric appliances by a utility has been held to be an incident to the business of distributing gas and electricity. State v. San Antonio Public Service Co., 69 S. W. (2d) 38.

The tax sought to be collected was imposed by the enactment of the Chain Store Tax Law as it was originally passed. It applied to all stores selling gas and electrical appliances, whether as an incident to the business of selling gas or electric current or not.

■ The proviso only exempts the utility of paying the chain store tax which sells the kind of merchandise described in the proviso in the cities and towns of the size designated therein. The proviso did not exempt others who sell the same goods in like localities as an exclusive business. Whether the proviso is discriminatory must be determined, therefore, as between the utility and those not relieved of the tax. As we have stated, the Chain Store Tax Law imposed a tax for the privilege of operating a store selling gas and electrical appliances, etc., "whether the same be in connection with the sale of gas and electric current and whether the operator of the store be also engaged in the business of furnishing some public utilities or not." See Section 5a of the Chain Store Tax Law and Central case, supra. Those not relieved of payment of the tax are only those selling gas and electrical appliances and parts for the repairs thereof exclusively; for if such persons were conducting a store under the terms of the act and selling other goods, they would be liable for the tax, regardless of whether they sold gas and electrical appliances, etc. or not. Respondent is a utility whose primary business is that of selling and distributing electric current. The chain store tax did not attempt to reach the primary business conducted by it. The question then arises, is there a reasonable basis for a separate classification between a utility selling the goods described in the proviso in towns of 3,000 population or less as an incident to its primary business and another store selling exclusively gas and electrical appliances and parts for the repair thereof in said towns or cities? In line with the authorities cited, we think the question must be answered in the affirmative. It was recognized by this court in the chain store tax case that the Stephens case was the leading authority on the question of occupation taxes. We quote from the Stephens case:

"Persons who, in the most general sense, may be regarded as pursuing the same occupation, as for instance, merchants, may be thus divided into classes and the classes may be taxed in different amounts and according to different standards. Merchants may be divided into wholesalers and retailers, and, if there be reasonable grounds, these may be further divided according to the particular classes of business in which they may engage. The considerations upon which such classifications shall be based are primarily within the discretion of the

Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature." Texas Co. v. Stephens, 100 Texas 628, 103 S. W. 481.

■ The Legislature of the State has frequently placed public utilities within a class by themselves for the purpose of taxation. This is the effect of Vernon's Annotated Civil Statutes, Article 7060, of which the quoted proviso is a part. The legislative action in so doing has been upheld in previous enactments. Dallas Gas Co. v. State, 261 S. W. 1063, writ refused, and authorities therein cited. It was pointedly held in the Dallas case that population of the localities in which the utility operated its business was an important factor to be considered in the classification.

■ If the power of the Legislature be broad enough to place utilities within a class by themselves for the purpose of taxing the primary business conducted by them, it is not unreasonable to include within their classification other incidental business done by them, even though such incidental things may be done by another. Moreover, the general nature of the business of a public utility selling gas and electrical appliances and parts for the repair thereof as an incident to its primary business suggests difference in methods of transacting that kind of business with another who sells gas and electrical appliances, etc., exclusively. This court recognized in the Cooper case, supra, that "mere differences in methods of conducting businesses is sufficient to support the classification of merchants for the purpose of levying occupation taxes." "The difference in the profits derived"; "the extent of consumption of the merchandise sold," and "the facilities with which the burdens may in the course of business be distributed among customers generally," said this court in the Stephens case, supra, could properly be taken into consideration by the Legislature in making classifications. The rule applied in all the cases to which we have been referred is that if a state of facts can reasonably be supposed to exist which would support the classification of the legislature, those facts must be presumed. We have no hesitancy in saying that there exists a reasonable basis for the separate classification made by Legislature in the enactment of the proviso quoted.

The exemption of the class described in the proviso is not materially different from those contained in the statute in review in the case of Ex parte Walker, 121 Texas Crim. Rep. 145,

52 S. W. (2d) 266, which decision of the Court of Criminal Appeals was specifically approved by this court in Card, Tax Collector, v. State, 122 Texas 77, 52 S. W. (2d) 269.

The state chiefly relies upon the case of Pullman P. C. Co. v. State of Texas, 64 Texas 274, 53 Am. Rep. 78. The statute involved in that case attempted to impose an occupation tax upon the business of conducting a palace, dining and pullman car service, but did not levy the tax on railroad companies doing the same things on their own lines. The basis of the occupation tax sought to be imposed by the legislature was with respect to the different degrees of ownership of the equipment used in the pursuit of the occupation or business. The court recognized that there was no essential difference in the pursuit of conducting a palace, dining and pullman car service by a company operating on its own railroad and a company doing the same things on a railroad belonging to another. The statute taxed one and not the other, therefore discriminated against the company taxed in favor of the company not taxed. We perceive no conflict in that case with the other cases cited and applied in the present suit.

There is another good and sufficient reason why the State cannot recover in this case. A reiteration of the facts discloses that this suit is by the State for taxes in virtue of the Chain Store Tax Law for the years 1941, 1942 and 1943. The respondent defended the suit on the ground of the exemption contained in the quoted proviso. The State contends that the exemption was in violation of a constitutional provision for the reason, among others, that it was discriminatory. Under these facts the State was required to show that the proviso discriminated against others and in favor of the respondent.

The Forty-eighth Legislature in 1943, at regular session, materially amended the Chain Store Tax Law, whereby the proviso in review seems to have been superseded. See Chapter 205, H. B. 10, p. 319, Regular Session, and also Vernon's Annotated Penal Code, Article 1111d, as amended. The facts upon which this case was tried were stipulated.

It is not made to appear in the record before us, and we do not know judicially that there are in this State other stores engaged in the exclusive business of selling gas and electrical appliances and parts for the repairs thereof in towns or cities of 3,000 population or less according to the 1940 Federal census. In the absence of these facts, no discrimination appears. Stephens case, supra.

We now consider the second constitutional attack urged by the State.

■ It is the rule that the provision of the Constitution invoked by the State does not apply to legislative enactments which are complete within themselves, even though their effect may be to amend some other law. The leading cases announcing this view are: Snyder v. Compton, 87 Texas 374, 28 S. W. 106, and Quinlan v. H. & T. C. Ry. Co., 89 Texas 356, 34 S. W. 738.

■ The quoted proviso clearly shows the legislative intent to exempt the classes named therein from the payment of the chain store tax on stores operated in the designated towns. The reference to the chain store tax contained in the proviso does not bring it within the rule condemned by this section of the Constitution which was aptly applied in the case of Henderson v. Galveston, 102 Texas 163, 114 S. W. 108. See also: Dallas County Levee District v. Looney, 109 Texas 326, 207 S. W. 310; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680; James v. Gulf Insurance Co., 143 Texas 424, 185 S. W. (2d) 966.

The judgment of the Court of Civil Appeals which reversed the judgment of the trial court and denied the State a recovery of the taxes is affirmed.

Opinion delivered April 3, 1946.

Rehearing overruled May 1, 1946.