

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 23, 1957

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW 106

Re: Whether or not the Lower
Rio Grande Valley Chamber
of Commerce is exempt from
the payment of franchise
taxes under the provisions
of Article 7094, Revised

Dear Mr. Steakley:

Civil Statutes.

Your letter requests our opinion as to whether
the Lower Rio Grande Valley Chamber of Commerce, a cor-
portation, is exempt from payment of the franchise tax
under Article 7094, Revised Civil Statutes. Your letter
states in part:

"It is requested that you review this
question in the light of Opinion No.
0-7240 (1946) and in consideration of
the following: Regional Chambers of
Commerce deal primarily with cities
and towns in their respective areas;
to tax regional and county Chambers of
Commerce while exempting Chambers of
Commerce organized for promoting the
public interest of a particular city or
town would, perhaps raise a question
of discrimination.

"This office has construed Opinion No.
0-7240 to the effect that all regional
and county Chambers of Commerce are sub-
ject to payment of the franchise tax."

Article 7094, inter alia, exempts from payment
of the franchise tax corporations without capital stock
"organized for the exclusive purpose of promoting the
public interest of any city or town."

In opinion No. 0-7240, this office stated:
"We interpret this language to mean that the organi-
zation must be for the exclusive purpose of promoting

the public interest of a particular city or town, and not one designed, as obviously the Rusk County Chamber of Commerce is, to promote the public interest of the county as a whole."

We think said opinion properly interpreted the language of the exemption statute. The charter of the corporation involved in your inquiry states that its purpose is "to acquire, preserve and disseminate valuable business information for and generally to promote the interest of trade and increase the facilities of commercial transactions in the Lower Rio Grande Valley of Texas." We have no doubt that such company is a regional chamber of commerce, designed to promote the business welfare of the entire Lower Rio Grande Valley. As such it, like a county chamber of commerce, fails to come within the statute exempting corporations whose exclusive purpose is to promote the public interest of any city or town.

On the question of discrimination, we refer you to such cases as State v. Southwestern Gas and Electric Company, 145 Tex. 24, 193 S.W. 2d 675 (1946) and Texas Company v. Stephens, 100 Tex. 628, 103 S.W. 481 (1907), which deal with the power of the Legislature to classify the subjects of taxation. For the purpose of answering your inquiry, however, we do not find it necessary to pass on whether Article 7094 is discriminatory. Even if we held the statute discriminatory and unconstitutional, this would only invalidate the exemption insofar as other companies are concerned. It would not write new exemptions into the law and would not alter the tax liability of county and regional chambers. The matter of whether the classification made in the statute operates unfairly against county and regional chambers as compared with city or town chambers is one that must be addressed to the Legislature. We can only interpret the law as that body has written it.

## S U M M A R Y

The Lower Rio Grande Valley Chamber of Commerce, being a regional chamber of commerce and not one that is "organized for the exclusive purpose of promoting the public interest of any city or town," is not exempt from payment of franchise taxes under Article 7094, R.C.S.

Very truly yours

WILL WILSON
Attorney General of Texas

By: J. Arthur Sandlin
         Assistant

APPROVED:

OPINION COMMITTEE;

H. Grady Chandler, Chairman

J. C. Davis, Jr.

John Ross Lennan

William E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn