

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 16, 1976

The Honorable Chet Brooks
Chairman
Senate Committee on Human
    Resources
State Capitol
Austin, Texas    78711

Opinion No. H-838

Re:  Effect of Senate
Bill clause repealing
section of Public Welfare
Act earlier amended by
the same Legislature.

Dear Senator Brooks:

You have asked our opinion as to the effect of two acts passed by the 64th Legislature.  Both statutes involve article 695c, section 8(a), V.T.C.S., which regulated child care institutions.

House Bill 569 [Acts 1975, 64th Leg., ch. 502 at 1343] amended article 695c, section 8(a) to add the following provisions:

> 1.  Definitions.
>
> . . .
>
>    (k) Person.  Person indicates an individual, an agency, an association, or a corporation.
>
>    4a.  Health Certificate.
>    (a) No person operating a child care facility may allow an individual to prepare or dispense food served in the facility if the individual does not possess as a minimum requirement a health certificate signed by a licensed physician within the previous 12-month period.

(b) The State Department of Public Welfare shall check the certificates during its inspection visits.

(c) The Department of Public Welfare may, after consultation with the Department of Public Health, require additional minimum public health safety requirements of the persons covered by this Act.

. . .

12. Misdemeanor.

Any person who (i) impersonates an official, employee, representative, agent, or solicitor of any licensed institution or agency within the scope of this Act, (ii) falsely represents himself as representing a licensee under this Act, (iii) solicits funds in the name of, or for, any licensee under this Act without authorization, (iv) without a license conducts a child-caring institution, a commercial child-caring institution, a child-placing agency, or places children for adoption, or (v) violates the provisions of Subsection 4a of this section, is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than One Thousand Dollars ($1,000), or confinement in county jail for not more than one (1) year, or both. Each day of violation shall be considered a separate offense.

This Act became effective September 1, 1975.

Subsequent to the enactment of House Bill 569, the Legislature enacted Senate Bill 965 [Acts 1975, 64th Leg., ch. 708 at 2240, found at V.T.C.S. art. 695a-3], effective on January 1, 1976. This bill is known as the Child Care Licensing Act and involves the regulation of child care facilities. Section 26 of this Act provides:

> Sec. 26. Section 8(a), the Public
> Welfare Act of 1941, as amended
> (Article 695c, Vernon's Texas Civil
> Statutes), is repealed.

Your question is whether this language effected a repeal of the health certificate requirements of House Bill 569. All laws enacted during the same session of the Legislature on the same subject are in pari materia and a court, in seeking legislative intent, will read them together as if they were embraced in one act. State v. Dyer, 200 S.W.2d 813 (Tex. Sup. 1947). The intent, once found, will be given effect even when it seems to conflict with the literal words. Smith v. Smith, 519 S.W.2d 152 (Tex. Civ. App. -- Dallas 1975, writ ref'd).

In Eastern Texas Electric Co. v. Woods, 230 S.W. 498 (Tex. Civ. App. -- Beaumont 1921, writ dism'd). The court discussed two bills passed in the same session of the Legislature and said:

> Having been passed at the same session of
> the Legislature, and within a few days of
> each other, it is to be presumed that they
> are imbued with the same spirit and actuated
> by the same policy, and should be construed
> each in the light of the other. Railway v.
> State, . . . 68 S.W. 777. It is but
> reasonable to conclude that the Legislature,
> when it passed the last act . . . had in mind
> its very recent previous legislation . . . and
> did not intend to repeal or modify any part of
> same. Where there is no express repeal, none
> is deemed to be intended unless there is such
> an inconsistency as precludes this presumption.
> 230 S.W. 503. (Emphasis added).

In Ex Parte Copeland, 91 S.W.2d 700 (Tex. Crim. App. 1936), the Court of Criminal Appeals adopted and applied a rule stating:

> A clause in a statute purporting to repeal
> other statutes is subject to the same rule
> of interpretation as other enactments, and
> the intent must prevail over literal inter-
> pretation.  An absolute repeal may be controlled
> as a qualified or partial repeal, where other
> parts of the statute show such to have been
> the real intent.

See also Parshall v. State, 138 S.W. 759 (Tex. Crim. App. 1911).

But where it is clear that a later act of the Legislature is meant to repeal an earlier act, even one passed during the same session, it is given effect.  In Community Public Service Co. v. James, 166 S.W.2d 395 (Tex. Civ. App. -- Austin 1942, writ ref'd), two acts of the 47th Legislature, which met in 1941, were considered.  The first was an amendment to the Mortgage Registration Tax Law, which had been passed in 1939.  The second was a repealing act which expressly and specifically repealed the 1939 act "and all subsequent amendments thereto" even though the caption referred only to the 1939 act.  The court nevertheless held that the 1941 amendment was also repealed.  The court said:

> The caption was sufficient to give notice
> that the original tax law and all amend-
> ments which constituted substitutes therefor
> were included in the subject matter of the
> repealing act . . . .  The omission in the
> caption of the 1941 amendment is readily
> explained by the fact that when the bill was
> introduced the 1941 amendment had not been
> passed . . . .  But whatever the cause of the
> omission, we are clear in the view that . . .
> the 1941 amendment was effectually repealed.
> 166 S.W.2d 396.  (Emphasis added).

Here, the repealer clause of the Child Care Licensing Act is express, specific, clear, and direct.  See City of Beaumont Independent School Dist. v. Broadus, 182 S.W.2d 406 (Tex. Civ. App. --Amarillo 1944, writ ref'd).  It repeals

section 8(a) of the Public Welfare Act of 1941, as amended. Furthermore, the caption of the Child Care Licensing Act includes the words:  "An Act . . . ; repealing Section 8(a) of the Public Welfare Act of 1941, as amended (Article 695c, Vernon's Texas Civil Statutes) . . . ."

However, only one part of House Bill 569 is within the exact holding of Community Public Service Co. v. James, because only one part of House Bill 569 constituted a substitute or replacement for previous provisions of article 695c.  The rest of the bill constitutes original legislation.

House Bill 569 contained three substantive sections. The first section of the bill added paragraph (k) defining person to subsection 1 of section 8(a) of the statute.  The second section of the bill added subsection 4a to section 8(a) of the statute so as to require health certificates in certain circumstances.  But the third section of the bill amended and replaced former subsection 12 of section 8(a) of the statute, the penalty provision.  It is this provision, subsection 12 of section 8(a) of article 695c as amended, which the Community Public Service case compels us to regard as repealed.  In our opinion, however, the remainder of House Bill 569 has not been repealed.

In Sutherland Statutory Construction § 22.39 (Sands, 4th ed. 1972), it is said:

> On the theory that provisions of the original act reenacted in an amendatory act are a continuation of the original act, it is held that repeal of the original act repeals those provisions of the original act which were reenacted in the amendatory act.  And provisions added by the amendatory act which are not complete within themselves, that is, those that must be read together with the reenacted provisions of the original act in order to be understood or enforced are also held repealed.  The same result follows if the original act is not reenacted as amended because the amendatory act cannot be understood or enforced without reference to the original act.  However, if the amendatory act adds a provision that is complete within itself, it is not repealed by the repeal of the original act.  (Emphasis added).

A provision in a bill or act may be considered independent, complete and self-contained even though it refers to some other act.  State v. Southwestern Gas & Electric Co., 193 S.W.2d 675 (Tex. Sup. 1946).

When all legislation [see also Acts 1975, 64th Leg., ch. 292 at 746] passed by the 64th Legislature concerning section 3(a) of article 695c is read together as one act, it is clear that the object of all of the provisions is to provide better protection for children, particularly those coming into contact with child-caring or child-placing agencies.  It is also clear that the two substantive sections of House Bill 569 which would remain after repeal of the penal amendatory section became effective could constitute a whole and complete statute and be given effect without reference to the expressly repealed section.  Cf. Board of Managers of Harris County Hosp. Dist. v. Pension Board, 449 S.W.2d 33 (Tex. Sup. 1970).  Those sections are not incompatable with the Child Care Licensing Act because the definitions of "persons" in the two bills are complementary and the statutory requirement regarding health cards in House Bill 569 is readily integrated with the Child Care Licensing Act requirements that the Department of Public Welfare specify standards for adequate and healthy food services by licensees.

In our opinion, therefore, only the portion of House Bill 569 which amended and replaced subsection 12 of article 695c, section 8(a), the penalty section, was repealed by the Child Care Licensing Act and the remaining provisions of House Bill 569 survive.

### S U M M A R Y

The repeal of article 695c, section 8(a), V.T.C.S. by the Child Care Licensing Act, article 695a-3, V.T.C.S. did not repeal

added subsection 4a of article 695c,
section 8(a), which was an independent,
complete law enacted by the same session
of the Legislature that enacted the
Child Care Licensing Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb