ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 5, 2005

The Honorable Ray Allen
Chair, Committee on Corrections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0291

Re: Whether, given that Senate Bill 319, Act of May 31, 2003, 78th Leg., R.S., ch. 822, 2003 Tex. Gen. Laws 2607, defines the word "individual" for certain purposes to include "an unborn child," a physician must report a pregnant patient's use of illegal controlled substances as child abuse or as the delivery of controlled substances to a child (RQ-0250-GA)

Dear Representative Allen:

You ask whether, given that Senate Bill 319, Act of May 31, 2003, 78th Leg., R.S., ch. 822, 2003 Tex. Gen. Laws 2607, defines the word "individual" for certain purposes to include "an unborn child," a physician must report a pregnant patient's use of illegal controlled substances as child abuse or as the delivery of controlled substances to a child.[1] *See* TEX. FAM. CODE ANN. § 261.103(a) (Vernon 2002); TEX. HEALTH & SAFETY CODE ANN. § 481.122 (Vernon 2003).

## I.    Senate Bill 319

Senate Bill 319 amended Civil Practice and Remedies Code chapter 71 and Penal Code chapters 1, 19, and 22 so that they apply to the death of or injury to an unborn child. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 822, arts. 1-2, 2003 Tex. Gen. Laws 2607, 2607-09. Civil Practice and Remedies Code chapter 71, subchapter A relates to tort liability for wrongful death and provides in section 71.002(a) that a plaintiff may bring an action for actual damages arising from an injury that causes an *individual's* death if liability exists under that section. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.002(a) (Vernon 1997). Section 71.002's remaining sections list the circumstances in which a person is liable for damages arising from such a fatal injury inflicted by the person or the person's agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default. *See id.* § 71.002(b)-(e). Senate Bill 319 added to this subchapter definitions of the terms "death" and "individual":

---

[1] *See* Letter from Honorable Ray Allen, Chair, Committee on Corrections, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (July 15, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

In this subchapter:

. . . .

(3)  "Death" includes for an individual who is an unborn child, the failure to be born alive.

(4)  "Individual" includes an unborn child at every stage of gestation from fertilization until birth.

*Id.* § 71.001(3)-(4) (Vernon Supp. 2004-05).  Senate Bill 319 also amended section 71.003(a) to define the circumstances in which subchapter A applies:  "This subchapter applies only if the individual injured would have been entitled to bring an action for the injury if *the individual* had lived *or had been born alive." Id.* § 71.003(a) (emphasis added to indicate amendments); Act of May 31, 2003, 78th Leg., R.S., ch. 822, art. 1, § 1.02, 2003 Tex. Gen. Laws 2607, 2608.  Senate Bill 319 further amended section 71.003 by adding a new subsection (c), which excepts certain conduct from the subchapter's reach:

This subchapter does not apply to a claim for the death of an individual who is an unborn child that is brought against:

(1)  the mother of the unborn child;

(2)  a physician or other licensed health care provider, if the death is the intended result of a lawful medical procedure performed by the physician or health care provider with the requisite consent;

(3)  a person who dispenses or administers a drug in accordance with law, if the death is the result of the dispensation or administration of the drug; or

(4)  a physician or other health care provider licensed in this state, if the death directly or indirectly is caused by, associated with, arises out of, or relates to a lawful medical or health care practice or procedure of the physician or the health care provider.

TEX. CIV. PRAC. & REM. CODE ANN. § 71.003(c) (Vernon Supp. 2004-05); Act of May 31, 2003, 78th Leg., R.S., ch. 822, art. 1, § 1.02, 2003 Tex. Gen. Laws 2607, 2608.

Senate Bill 319 made similar amendments to various sections of the Penal Code.  First, the bill amended section 1.07, the Penal Code's general definitional section, by revising the definition of the term "individual" and adding a definition of the term "death":

(a)  In this code:

. . . .

> (26) "Individual" means a human being who ~~has been born and~~ is alive, *including an unborn child at every stage of gestation from fertilization until birth.*

. . . .

> *(49) "Death" includes, for an individual who is an unborn child, the failure to be born alive.*

TEX. PEN. CODE ANN. § 1.07(a)(26), (49) (Vernon Supp. 2004-05) (strikeout indicates deletions; emphasis indicates additions); Act of May 31, 2003, 78th Leg., R.S., ch. 822, art. 2, § 2.01, 2003 Tex. Gen. Laws 2607, 2608. Second, Senate Bill 319 amended chapter 19, which pertains to criminal homicide, by adding section 19.06, and chapter 22, which pertains to assaultive offenses, by adding section 22.12. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 822, art. 2, §§ 2.02, .04, 2003 Tex. Gen. Laws 2607, 2608-09. Both sections 19.06 and 22.12 except from chapter 19 and chapter 22, respectively, conduct committed by the unborn child's mother; a lawful medical procedure performed by a physician or other health care provider with the requisite consent; "a lawful medical procedure performed by a physician or other licensed health care provider with the requisite consent as part of an assisted reproduction"; and the dispensation or administration of a prescribed drug. TEX. PEN. CODE ANN. §§ 19.06, 22.12 (Vernon Supp. 2004-05). Third, Senate Bill 319 exempts from sections 49.07, relating to intoxication assault, and 49.08, relating to intoxication manslaughter, the injury or death "of an unborn child if the conduct charged is conduct committed by the mother of the unborn child." *See id.* § 49.12; *see also id.* §§ 49.07-.08 (Vernon 2003).

## II.      The 47th District Attorney's Construction of Senate Bill 319

According to your letter, three weeks after the amendments enacted by Senate Bill 319 took effect on September 1, 2003, the 47th District Attorney informed physicians within Potter County that, in accordance with Senate Bill 319, they must "report to the local law enforcement agency or the Department of Protective Services[2] women patients who are using or have used illegal narcotics during their pregnancy." Request Letter, *supra* note 1, at 1.[3] The district attorney's construction, according to her letter, is apparently based upon applying the expanded definition of the term "individual" in Penal Code section 1.07 to two statutes not explicitly amended by Senate Bill 319, the Controlled Substances Act, Health and Safety Code chapter 481, and the child abuse reporting requirements in Family Code chapter 261. *See* King Letter, *supra* note 3, at 1. You do not believe the district attorney has construed Senate Bill 319 correctly, and you therefore ask whether Senate

---

[2]As of February 1, 2004, the Texas Department of Protective and Regulatory Services is now called the Texas Department of Family and Protective Services. *See* www.tdprs.state.tx.us; *see also* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 1.11, 2003 Tex. Gen. Laws 611, 623 (codified as an amendment to TEX. HUM. RES. CODE ANN. § 40.002).

[3]*See also* Letter from Rebecca King, 47th District Attorney, to All Physicians Practicing in Potter County (Sept. 22, 2003) (attached to Request Letter, *supra* note 1) [hereinafter King Letter].

Bill 319 amends either the Controlled Substances Act or Family Code chapter 261 "so as to require physicians to report to local law enforcement agencies or the [Department of Family and Protective Services] pregnant . . . patients who are using or have used controlled substances during pregnancy." Request Letter, *supra* note 1, at 1; *see supra* note 2 (noting Department of Family and Protective Service's recent name change).

### III.   The Controlled Substances Act, Health & Safety Code chapter 481, and the Child Abuse Reporting Requirement in Family Code chapter 261

The Controlled Substances Act classifies certain drugs such as opiates and opium derivatives, hallucinogens, stimulants, depressants, and anabolic steroids as controlled substances. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.032 (Vernon 2003). Under section 481.122, Health and Safety Code, "[a] person commits an offense if the person knowingly delivers" certain controlled substances or marihuana "to a . . . child." *Id.* § 481.122(a)(1); *see also id.* §§ 481.002(8) (Vernon Supp. 2004-05) (defining the term "deliver"), 481.122(b) (Vernon 2003) (listing affirmative defenses). The offense is a second degree felony. *See id.* § 481.122(c) (Vernon 2003). Section 481.122(d) defines the term "child" as "a person younger than 18 years of age." *Id.* § 481.122(d). For purposes of the Controlled Substances Act, a person is "an individual, corporation, government, business trust, estate, trust, partnership, association, or other legal entity." *Id.* § 481.002(33) (Vernon Supp. 2004-05).

Section 261.101(a) of the Family Code generally requires any "person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person" to report the information to the appropriate local or state law enforcement agency or other state agency immediately. TEX. FAM. CODE ANN. § 261.101(a) (Vernon 2002); *see id.* § 261.103(a) (listing the agencies to which a report may be made). Under section 261.101(b), a professional, including a physician, who has "cause to believe that a child has been abused or neglected or may be abused or neglected" has a nondelegable duty to report the suspicion "not later than the 48th hour after the hour the professional first suspects that the child has been or may be abused or neglected." *Id.* § 261.101(b). A person's failure to report suspected child abuse is a class B misdemeanor. *See id.* § 261.109.

The term "abuse" is defined for chapter 261's purposes to include "the current use by a person of a controlled substance . . . in a manner or to the extent that the use results in physical, mental, or emotional injury to a child"; or "causing, expressly permitting, or encouraging a child to use a controlled substance." *Id.* § 261.001(1)(I), (J). Section 101.003 defines "child" for purposes of chapter 261 as "a person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes." *Id.* § 101.003(a); *id.* § 101.001(a) (stating that "[d]efinitions in this subchapter apply to this title").

### IV.   Analysis

You suggest that construing the statutes as the district attorney has done essentially amends section 481.122 of the Health and Safety Code and section 261.101(b) of the Family Code in violation of article III, section 36 of the Texas Constitution, which prohibits amending a law "by

reference to its title." TEX. CONST. art. III, § 36; *see* Request Letter, *supra* note 1, at 3. Under article III, section 36, a law may be amended only by "re-enact[ment] and publish[ing] at length." TEX. CONST. art. III, § 36. Article III, section 36's purpose is to prohibit the practice "of amending a statute by reference to its title and . . . providing that it should be amended by adding to or striking out certain words, or by omitting certain language, and inserting in lieu thereof certain other words." *Snyder v. Compton*, 28 S.W. 1061, 1062 (Tex. 1894). Article III, section 36 "does not apply to legislative enactments which are complete within themselves, even though their effect may be to amend some other law." *State v. S.W. Gas & Elec. Co.*, 193 S.W.2d 675, 679 (Tex. 1946). The text of the amended statutes are printed in Senate Bill 319, and the bill does not, therefore, amend statutes by reference to their titles. Article III, section 36 does not apply to this issue.

Preliminarily, we find nothing in the Controlled Substances Act that imposes a duty on physicians to report the delivery of controlled substances to a child. For this reason, we do not consider whether the Controlled Substances Act incorporates the definition of "individual" in Penal Code section 1.07(a)(26). We focus only on Family Code chapter 261.

Section 1.03(b) of the Penal Code suggests that certain definitions found in the Penal Code may apply to statutes outside that code: "The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws, unless the statute defining the offense provides otherwise[.]" TEX. PEN. CODE ANN. § 1.03(b) (Vernon 2003). Section 1.03(b)'s "plain intent" is "that only an act of the legislature may remove an offense from the general principles established in the first three titles" of the Penal Code. *Honeycutt v. State*, 627 S.W.2d 417, 423 (Tex. Crim. App. 1981); *accord Martinez v. State*, 879 S.W.2d 54, 56 n.4 (Tex. Crim. App. 1994); Tex. Att'y Gen. Op. No. JC-0307 (2000) at 6. Section 261.101(b) creates an offense for a physician's failure to report suspected child abuse or neglect. *See* TEX. FAM. CODE ANN. § 261.101(b) (Vernon 2002). Section 1.07 of the Penal Code, part of title 1, defines the term "individual," as amended by Senate Bill 319, to include "an unborn child." TEX. PEN. CODE ANN. § 1.07(a)(26) (Vernon Supp. 2004-05). Under Penal Code section 1.03(b), this definition of "individual" applies to Family Code chapter 261 unless the legislature has provided otherwise.

Section 261.101(b) imposes a duty on physicians to report suspected abuse of a "child"; the section does not use the term "individual" to define the physician's duty. Family Code section 101.003(a) defines "child" for purposes of section 261.101 as a person under the age of 18. TEX. FAM. CODE ANN. § 101.003(a) (Vernon 2002). In a 2000 case considering the termination of parental rights, the San Antonio court of appeals assumed that the Family Code's definition of "child" does not include an unborn child. *See In re M.J.M.L.*, 31 S.W.3d 347, 351 (Tex. App.–San Antonio 2000, pet. denied) (stating that the definition does not conflict with defining a course of conduct endangering a child to include conduct that occurred before the child was born). In addition, *Witty v. American General Capital Distributors, Inc.*, a 1987 case of the Texas Supreme Court, articulates a presumption that the term "child" does not include an unborn child unless the legislature has expressly defined the term to include the fetus. *See Witty v. Am. Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 505 (Tex. 1987) (stating that the term "individual" in the state's wrongful-death act should not be construed to include a fetus unless the legislature has "specifically so stated"). The Supreme Court recently declined to overrule *Witty* with respect to wrongful-death cases arising before Senate Bill 319 became effective. *See Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148

S.W.3d 94, 97 (Tex. 2004). In specifically defining the term "child" to establish the scope of a physician's duty under chapter 261, Family Code section 101.003 "provides otherwise" for purposes of section 1.03(b) of the Penal Code. TEX. PEN. CODE ANN. § 1.03(b) (Vernon 2003). Thus, the Penal Code's definition of "individual" does not apply to chapter 261. *See id.*

Construing the term "child" in chapter 261 to incorporate the Penal Code's definition of "individual" would be, moreover, inconsistent with the apparent legislative intent for Senate Bill 319, which carefully excepts certain physician conduct from the amended statutes' applicability. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 822, arts. 1-2, 2003 Tex. Gen. Laws 2607, 2607-09. Section 71.003 of the Civil Practice and Remedies Code excludes from a claim for the wrongful death of an unborn child an action "against . . . a physician . . . , if the death is the intended result of a lawful medical procedure[,]" as well as an action against "a physician . . . if the death directly or indirectly is caused by . . . or relates to a lawful medical or health care practice." TEX. CIV. PRAC. & REM. CODE ANN. § 71.003(c)(2), (4) (Vernon Supp. 2004-05). Similarly, sections 19.06 and 22.12 of the Penal Code except lawful medical procedures performed by a physician (1) "if the death of the unborn child was the intended result"; or (2) "with the requisite consent," including a procedure performed as part of an assisted reproduction. *See* TEX. PEN. CODE ANN. §§ 19.06(2)-(3), 22.12(2)-(3) (Vernon Supp. 2004-05). We find it difficult to believe that the legislature would so carefully except certain physician conduct expressly, but obliquely intend to amend section 261.101 of the Family Code to affect physician conduct.

Likewise, all of the statutes amended by Senate Bill 319 carefully except the mother's conduct from actions for wrongful death, criminal homicide, and assault. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.003(c)(1) (Vernon Supp. 2004-05); TEX. PEN. CODE ANN. §§ 19.06(1), 22.12(1) (Vernon Supp. 2004-05), 49.07-.08 (Vernon 2003), 49.12 (Vernon Supp. 2004-05). For the legislature implicitly to require a physician to report a pregnant patient's drug use under section 261.101 of the Family Code and make the failure to do so an offense, but to except the abusing mother from an action for wrongful death or from prosecution under chapter 19, 22, or 49 of the Penal Code would be extremely inconsistent. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998) (directing a court to presume that the legislature intends a statute to achieve a reasonable result).

Finally, Family Code section 261.001(8) defines the phrase "[b]orn addicted to alcohol or a controlled substance" as a child "who is born to a mother who" used an illegal controlled substance or alcohol during pregnancy and who consequently exhibits observable symptoms of exposure to illegal drugs or to alcohol after birth. TEX. FAM. CODE ANN. § 261.001(8) (Vernon 2002). Chapter 261 of the Family Code does not create an offense for the mother of a child born addicted to alcohol or a controlled substance, however, nor for the mother's physician. The phrase is applied only in the context of Family Code section 161.001, which lists it among the reasons for which a court may order a parent-child relationship terminated. *See id.* § 161.001(1)(R).

For all of these reasons, the Penal Code's definition of "individual" does not apply to offenses under Family Code chapter 261. A physician is not obligated to report a pregnant patient's use of a controlled substance as child abuse under Family Code section 261.101(b).

### S U M M A R Y

The Controlled Substances Act, Health and Safety Code chapter 481, does not impose a duty on a physician to report to local prosecutors or to the Department of Family and Protective Services a pregnant patient who is using or has used illegal drugs during pregnancy. In addition, a physician is not required to report a pregnant patient's illegal drug use under section 261.101(b) of the Family Code. The definition of the term "individual" in section 1.07(a)(26) of the Penal Code, recently revised to include "an unborn child," does not affect the definition of the term "child" in Family Code section 261.101(b).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee